Good morning. I'm Judge Gould. I'm delighted to be sitting here with our colleague from the Sixth Circuit, Judge Gilman, and also with Judge Miller here. And Judge Miller and I want to give thanks to Judge Gilman for taking time from his docket to help the Ninth Circuit keep up with this. I also want to make special thanks to both advocates here today because the court really appreciates that each of you are taking time to help us out. During a period of pandemic, we know it poses some extra stress for counsel. And so as a pandemic bonus, although the case is set for 10 minutes per side, if either of you need an extra minute or two for argument and ask for it, you will get it. So without further ado, we'll proceed on the Shortman case to Mr. Hormel for the appellant. And then for the appellee, we're going to have Mr. Rubich. Is that correct? Yes, Your Honor. Okay, so Mr. Hormel, if you want to make a rebuttal argument, do your best to stop before your all your time is used up. But if you need an extra two minutes, I'll provide it to you. So please proceed. Thank you, Your Honor. Please support and counsel. Your Honor, I was appointed based on an order asking certifying an issue to on appeal as to whether or not the district court erred in failing to hold an evidentiary hearing based on a claim by Ms. Shortman that she requested her attorney to file a notice of appeal after she was sentenced to 10 years mandatory minimum sentence and that he failed to file that appeal. She raised other issues also in her motion. Those other issues I have raised in my opening brief is non-certified issues and would ask the court to consider those non-certified issues. I do recognize that the government has not addressed the non-certified issues, but I believe that applies to reversing the district court's summary dismissal of this case would also apply to those issues. First of all, the Flores-Ortega case is the, I think, the springboard to resolution of this issue. And that is Ms. Shortman, in her motion, ER-16, alleged specifically that defense counsel failed to file a notice of appeal when one was requested. Under the Flores-Ortega case, at page 477, the Supreme Court recognizes that a defense counsel who fails to file, defense counsel's conduct in failing to file a notice of appeal when requested is ineffective assistance of counsel per se. The district court then, after receiving the motion, ordered Ms. Shortman to specify or give a little bit more detail about her allegations. And at page 25 of the excerpt of record, I think is relevant to that, and that is her response. She stated that she did not agree with what just happened at sentencing, the 10-year sentence, and she wanted defense counsel to do something to help her. This was shortly after sentencing. So the second part of Flores-Ortega is the, at 480, where the court holds that defense counsel has a duty to consult, regardless of, I believe, regardless of whether there's a waiver of appeal or whatever, but there is a duty of defense counsel to consult with defendants in relation to an appeal, and that duty kicks in specifically under two circumstances. One is if there's reason to believe there's meritorious appeal issues, and the second part is if a defense counsel reasonably believes the defendant may, or the defendant reasonably portrays to defense counsel that she may want to appeal. Counsel, assuming that there was a duty to consult in this case, what would you point to in the record as showing at least an allegation that counsel failed to discharge that duty? So there's two, I think, circumstances we're dealing with. First of all, there was a legitimate question by the magistrate at the change of plea hearing as to whether or not the conduct, her conduct in distributing the methamphetamine actually rose, even though the buyer-seller language wasn't used, the magistrate was hesitant at first in accepting the plea based on just the bare bones proper. The only evidence that of, beyond that that was given to the magistrate was the fact that Ms. Shortman had a supplier. Well, simply having a supplier doesn't go beyond, doesn't create a conspiratorial relationship. But that goes to the merits of the appeal. I'm asking, where is the allegation that, again, assuming that counsel should have consulted with Ms. Shortman about an appeal, the district court in its first order said, you have to allege, she doesn't explain when she requested an appeal or whether counsel responded to her in any way. Where is the allegation of what counsel did or didn't say to her? You know, that gets, I think that gets to the point of whether, how specific does a pro se defendant have to be when they make allegations? Because a pro se movement under 2255 is held to a lesser standard than the specifics as to when they have lawyers assisting them. She stated clearly, even though she didn't state when this conversation occurred, she stated clearly in her motion that she requested counsel to file the appeal and he didn't. And then she specifically stated that she told counsel to do something to help her shortly after sentencing because she did not agree with what just happened. And so I think that if she did, the only way that we're going to resolve this issue is at an evidentiary hearing because the only witness that can address these issues is defense counsel. She's made specific allegations that, and the timing of the conversation she said happened shortly after sentencing. So she's not precise in exactly what she's saying, but she is saying enough to, I believe, at least the court following rules 4, 7, and 8 of 2255, at least enough to get information from the government and defense counsel as to what his recollections were regarding his discussions with Ms. Shortman. And the other thing is... Counsel, Judge Gould and I want to interject a question, if you may, before all your time runs out. If your client said to the lawyer, I want to appeal, and then her counsel didn't file an appeal, is that per se an effective assistance of counsel without more? I believe so, Your Honor. I believe that the failure to file a notice of appeal, even under the Garza case that was filed in my brief, Garza v. Idaho, I believe it's automatic, I mean presumed ineffective assistance under that circumstance. Do we know why the district court did not hold an evidentiary hearing? The only thing I can glean is from her order, and that is that she did not, or he, excuse the complexity of timing and content of communications alleged by Ms. Shortman to justify an evidentiary hearing. Counsel, if we were to agree with your position on that, and we were to reverse and remand to the district court for an evidentiary hearing, is there any reason that we should also reach the other uncertified issues? I believe so, Your Honor, because Ms. Shortman also alleged counsel's failure to test purity of the methamphetamine I laid out in my brief, how I believe the law is in relation to three separate distributions, completed distributions of methamphetamine, that they can't be aggregated, they have to be considered separately, and since the third distribution was four grams over the mandatory minimum ten years, that perhaps a retesting and a more thorough retesting might bring it below the 50 grams. I believe that she also alleged a misunderstanding between how the guidelines operated and the mandatory minimums, and although she expressed she knew about them at the plea hearing, I believe there has to be a little bit more, I think there needs to be a little bit more fleshed out in that issue also, and only defense counsel can address those specific issues. Counsel, you're down to... I didn't have it. Do you want to... Those are my... Thank you. Those are my thoughts. Thank you. Okay, just for planning purposes, we'll add a minute to your rebuttal, so you'll have two minutes, and now we'll hear from the government. And if counsel wants an extra minute added to your clock, we'll add that too. Thank you, your honor, and if it pleases the court, this is an unusual case in the sense that as was articulated in the opening discussion, you know, a lot of the times these cases would be handled by the judge calling it evidentiary hearing, and certainly in this case, he did not. The United States, of course, didn't even consult it at that point, but they do... Reviewing the record, we understand why the judge did that, and in this case, it was appropriate. You know, the case law is pretty clear that even without the assistance of counsel, a defendant has the burden of presenting facts that would rise to a legal error, and in this case, the focused legal error would have been the failure or the potential failure to file a notice of appeal after she was sentenced. And the district court in this case went out of his way to attempt to elicit those sorts of facts. You know, her opening documentation basically just listed her general grievances, and Judge Christensen, the district court judge, was very specific in his response to her in saying, I need additional facts. I need to know specifically what happened. I need to know what you said, and I need to know if your defense counsel responded to you. And his response, of course, is in the background to this, is this defendant, as he articulated when he responded to her initially, you know, all she had asked for was a remand as to her sentencing. She had already been sentenced to the mandatory minimum possible by the law. So this was a very unique factual circumstance. So when Judge Christensen asked for additional details, he gave her this opportunity, and she files a long response, but none of it really is factual except for that one sentence that was already discussed. And essentially what she says is that she, immediately after the sentencing, said that she didn't like what the, you know, what had happened in sentencing, that the 120 months had been a lot, and that she wanted the defense counsel to, quote, do something. And in this circumstance, especially when you look at the standard created by Flores-Ortega, that is simply insufficient. Because what Flores-Ortega says is, broadly speaking, first of all, there's not going to be a bright line rule, but more specifically, there are two potential circumstances under which you would need to file an appeal. One, if the case in and of itself makes an appeal pretty obvious, a reasonable person wouldn't, a reasonable defendant wouldn't have, would have wanted an appeal. In this case, that's certainly probably not the case. She had already pled guilty, so the underlying case could not be appealed, it would just be the sentencing, and she had been sentenced to the absolute statutory minimum. So the only possibility of an error here is if she had specifically told her attorney that she wanted an appeal. Well, what about, I mean, I mean, that's one possibility of an error, but what about the, I think maybe we're about to get to the second component of the Flores-Ortega duty to consult, where the defendant reasonably demonstrated to counsel that he was interested in appealing. Why doesn't, you know, the judgment has just been entered, the defendant says, I'm unhappy with what happened, I want you to do something. There aren't that many different things that that could refer to other than appealing. Why isn't that at least enough to trigger the duty to consult? Respectfully, Your Honor, I disagree in this particular factual circumstance. I was thinking about this, and of course I was the prosecutor underlying the case, and it was a unique factual circumstance. I think you're correct in a lot of cases that the default thought might be, oh, an appeal would make sense, but here it didn't, because all that could be challenged was the sentence. She'd already been sentenced to the statutory minimum. What would have probably, if I was the defense counsel, and of course this is speculating, but if I was the defense counsel and she said, I want you to do something to help me, my initial thought would have been, you know, well, we can approach the prosecutor and the government with a proposal for a Rule 35, which actually would have the capacity to reduce your sentence. So I do think in this specific case, when you examine the specific facts of this case, simply saying, I want you to do something to help me, is way too vague for him to automatically assume, oh, she wants me to appeal, when that appeal would do very little to help her, because she's already been sentenced to the absolute statutory minimum. That seems like you're collapsing the two components of the duty to consult, because if the appeal would do something to help her, if it would be reasonable for somebody to want to appeal, then you have the duty to consult under Prong 1, but as I read the decision for Prong 2 to have independent meaning, it must apply in cases where maybe a reasonable person wouldn't want to appeal, but this defendant has said he wants to, and then you don't necessarily have to file it, but you do have to consult with them and explain what their options are. I certainly agree with that, Your Honor, but where my issue is with that second prong is that she, by simply saying, I want you to do something to help me, that is not specific enough to trigger that second prong. In other words, she did not articulate in a way in this case that would have been reasonable. If she had said, we would be working under a different set of facts, if she had alleged after Judge Christensen asked her for specifics, that she said, I went to my attorney and I said, I didn't like this sentence, and I want an appeal, but that's not what she said, which of course gets back to the whole problem, is that when Judge Christensen asked her at length through his response to her for more specific facts, and the only thing she alleged was this very vague, very nebulous, I wanted him to do something, and had also requested, beyond that, for her to articulate if her attorney had responded to her, and she simply ignored that. So again, it's this question of did she get off the ground, and the United States' position is that she did not. You know, if it's ambiguous, though, is there still an obligation of the trial judge to at least have an evidentiary hearing? What about the case of the United States v. Sandoval, which is a 2005 decision, which generally holds that if there's a reasonable basis that an appeal was requested, the court's required to have an evidentiary hearing. Yes, Your Honor, and again, I think from our position, even looking at Sandoval's standard in this specific case, with these specific facts, we're left to conclude that based on what he had, she had not made that, there was not a basis to think that there was some sort of ambiguity. That if we took her at her word, and that was the only thing that was said on it, that she said this statement, then there's not enough facts there for her to have triggered or Flores Ortega. Well, as Judge Miller just said, by a reasonable interpretation, if I want you to do something to help, there are not too many options a defense counsel can do other than appeal, and that's certainly one of the key options he could do. Certainly, Your Honor, and again, the difficulty, though, is if we accept something as nebulous as this, and the district court is in a difficult position, and certainly what the law states very clearly is that an evidentiary hearing is not, the purpose of that is more of a credibility finding. The defendant is supposed to, or the shortman in this case, is supposed to provide sufficient facts so that we can conclude that there is a genuine potential issue here, and she simply did not in this situation, and again, we have to remember that the judge had the benefit of having been the judge in this case. He was there for a lot of these facts, so he knew a lot of the specific situation. Counsel, if I may interject a question for you. Yes, Your Honor. Is there any finding of fact from the district court that says she did not ask for an appeal? None that I'm aware of in the record, Your Honor. I mean, he certainly, he seems to say in his response to her 2255 that she simply did not allege facts that would. Is there any finding of fact by the district court that the only thing she said was that she wasn't happy with the results? I'm not aware, Your Honor, that the court made a definitive statement of finding of  Could the court have made any statement of findings of fact without an evidentiary hearing? He certainly, it potentially could have, Your Honor, he didn't in this situation, and it would be irregular without an evidentiary hearing. Okay, thank you. What's the significance of the fact that she's pro se? I mean, if I had gotten the district court's order requesting clarification and I read that and I would go and read Flores-Urtega and it seems reasonably apparent that what additional pieces of information the district court needed, but is it really reasonable to hold a pro se litigant to the standard of being able to figure that all out? I mean, she did provide a lot more detail, just not on the specific point that maybe is legally relevant, but how much can we really expect from her on that score? I understand, Your Honor, but I do think in this situation, I mean, we're not, I think and I think that was Judge Christianson's frustration was that she was so focused on trying to present some sort of law. All he wanted was facts. And I don't think it's unreasonable for the district court to expect that she provide her more facts because that's not legal, that's not an understanding of legal or anything like that. It's simply, hey, tell me what happened. He gave her that opportunity and all she told him was this one very isolated statement. So I don't think in this instance, I do understand the concern that she is pro se, that we should not hold her to the same standards that a lawyer would be held to. But here, where we're focused strictly on, you know, hey, tell me the facts and all you tell me is that I wanted him to do something, period, end of story and tell me nothing else. That, you know, is insufficient and I think we should hold her to that standard. And I have no, nothing further, Your Honor, I'm over time, Your Honors, if you have any further questions. All right. You are just seconds over time, but if you wanted another minute or two, we'd give it to you, but it's not required. No, Your Honor, I appreciate the opportunity, but I think I've stated everything that the United States would like to say. Thank you, counsel. So now we'll hear from Appellant, he has two minutes for rebuttal. Thank you, Your Honor. Your Honor, I think another key case out of the Supreme Court that addressed this issue is the Blackledge v. Allison case, 431 U.S. 63, cited in my brief. And that case was a case where the habeas corpus prisoner, state prisoner, alleged that there was some kind of side deal that got him to induce him to take a plea and the side deals were 17 years and the judge imposed 17 to 21 years. And the allegations were specifically lodged against the defense counsel about these side deals. And in short, the Supreme Court said, you can't really resolve these issues, especially if it turns on credibility without an evidentiary. I think that's an important case in this situation because I don't think any of the issues raised by Ms. Shortman can be resolved without hearing from defense counsel specifically. And then the last point I'd like to make is, when Ms. Shortman says, is there something you can do, the only thing that can be done, in my experience, is to discuss with the defendant whether or not an appeal should be lodged, if that's sort of an indication that the client's opinion, file the appeal and move for appointment of new counsel. I think that's really the remedy in that situation. So that's the only thing that can be done, so when Ms. Shortman says, is there something you can do as a counsel, that would be the first thing in my mind is to talk to the client about appeal. So those are my only comments I have. Okay, counsel, thank you, and I think the court has your arguments in hand and those of the appellee. So at this point, we will thank counsel for appellant and counsel for appellee for helping us out by arguing remotely. It's very, very much appreciated by the court and this case of Shortman, the USA v. Shortman, shall be, or Shortman v. USA, shall be submitted at this time and the parties will hear from us in due course. Give me the tissue. All rise. This court for this session stands adjourned. Wait, wait, wait, wait. Is that Kelly? It is. Kelly, hold on a second. Okay, sorry. The counsel can depart, but I need to state for the record that the other cases are being submitted on briefs. So for the record, could you please note that Espino v. Scarland, 19-72458, is submitted on briefs, and that Parra v. Scarland, number 2770233, is submitted on briefs, and that Mendoza-Rodriguez v. Garland, number 2771965, is submitted on briefs, and that Steelman v. Michael, 20-35103, is submitted on briefs, and also United States v. Bummer, 20-35169, is submitted on briefs, and also that Munoz-Mejia v. Garland, number 272598, is submitted on briefs, and that covers our full docket, and so the court will now adjourn for the day. Thank you.
judges: Gilman, Gould, Miller